No. 8433

COURT OF APPEAL

PARISH OF ORLEANS.

----

MARY A. DUMAS

versus

E. B. VASQUES

****

----

Dinkelspiel; J/

Plaintiff moves to dismiss this appeal relying mainly upon the fact "was a motion for a new trial filed within the time allowed by law so as to suspend the time in which defendant must apply for a suspensive appeal?"   And relies on the decision kex ax by this Court in Lemann et als vs. Merrero, 12 Orleans Appeals p. 74, where the Court held "the delay for a new trial runs from the rendition of the judgment and not from the date when the judgment is notified.   The requirement as to notice has to do solely with the execution of the judgment and the delays for appeal!'

That is undoubtedly true in so far as judgment as in this case coming from the District Court, but in Justices' Courts or appeals from the First City Court, the law is different and we quote from the Act of the Legislature No. 314 of 1914, wherein it states:

"That no appeal from the judgment before a Justice of the Peace shall stay execution unless the said appeal be taken within ten days after the judgment, if it has been pronounced in the presence of the parties or when the party cast was present or represented by counsel at the trial or within ten days after the notification of it if it has been rendered on default of one of the parties provided that no notification shall be necessary if personal service was had on the defendant and in case of appeal the appellant shall execute his bond, etc. etc."

Revised Statutes 2088; C. P. 1139.

Subsequently by Act No. 97 of the Legislature of 1916 virtually the same provisions were reenacted and further the doctrine of appeals from Justices of the Peace is decided in the 129 La. p. 632, Meyer vs. Vasques, et als, wherein the syllabus reads:

"The delay of ten days in which a suspensive appeal may be taken from the judgment of a Justice of the Peace or from

a judgment of a City Court in New Orleans, <u>when the party cast was present or represented by counsel at the trial</u>, begins to run from the day of the rendition of such judgment and that notwithstanding that the judgment may have been rendered in the absence of such party and that due notice thereof may have been served on him.

State ex rel Thomas Henderson vs. John McCrea, 40 Ann. page 20, the above doctrine was reaffirmed and it was there held:

"It is only when a judgment has been rendered by a Justice of the Peace in the presence of the parties that notification of it can be dispensed with. And defendant is always in time to appeal for a new trial when the judgment was not rendered in his presence and he was not notified."

"When a case is tried March 16th and the judgment is rendered on March 19th, <u>out of the presence of the parties</u>, the delay for appeal commences only from the date the notice of judgment is served.

For the reasons assigned the motion to dismiss denied.

Motion to dismiss denied.